UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES TURPIN et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DISTRICT OF COLUMBIA et al., <br><br> *Defendants*. | Civil Action No. 22-1807 (TJK) |

## MEMORANDUM OPINION AND ORDER

In May 2022, Charles Turpin and Regina Jackson sued the District of Columbia and Officer Michael Chen of the Metropolitan Police Department in the Superior Court of the District of Columbia. The suit stems from a purported incident in September 2020 during which Plaintiffs allege Officer Chen illegally searched Turpin's apartment, seized property, and arrested them. After being served, the District of Columbia removed the case to this Court. Now, it moves to dismiss Plaintiffs' trespass claim for failure to state a claim, arguing that Plaintiffs did not comply with a notice requirement under District of Columbia law before suing. For the following reasons, the Court will deny the motion.

**I.      Background**

Plaintiffs allege that on September 18, 2020, Officer Chen of the Metropolitan Police Department unlawfully searched Turpin's apartment, seized property, and then unlawfully arrested Plaintiffs. *See* ECF No. 1-1 ¶¶ 15–25. Afterward, Officer Chen prepared a police report about it. *See id.* ¶¶ 7–8; ECF No. 6-3 at 5–15.

In March 2022, Plaintiffs sent a notice to the District of Columbia Mayor's Correspondence Unit to alert her that they may have a claim against the District of Columbia in connection with

this incident. *See* ECF No. 1-1 ¶ 5. Plaintiffs sent that notice via certified mail, and it was received by the Mayor's Correspondence Unit on March 7, 2022. *See id.*; ECF No. 9-2; ECF No. 9-3. In May 2022, Plaintiffs sued Officer Chen and the District Columbia in the Superior Court of the District of Columbia. *See* ECF No. 1-1 at 1. In their complaint, they asserted three counts under the Fourth Amendment and 42 U.S.C. § 1983 against Officer Chen based on his entry, search and seizure, and arrest of them. *See id.* ¶¶ 26–51. They also asserted one count for common-law trespass against both Officer Chen and the District of Columbia. *See id.* ¶¶ 52–56.

After being served, the District of Columbia removed the case to this Court. *See* ECF No. 1 ¶¶ 1–2. It now moves to dismiss with prejudice the trespass claim against it under Federal Rule of Civil Procedure 12(b)(6), arguing that the claim is barred because Plaintiffs failed to timely comply with the notice requirement of D.C. Code § 12-309(a). *See* ECF No. 6 at 1.[1]

**II.      Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *Herron v. Fannie Mae*, 861 F.3d 160, 173 (D.C. Cir. 2017). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a plausible claim to relief on its face. *Wash. All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 892 F.3d 332, 343 (D.C. Cir. 2018). In evaluating a Rule 12(b)(6) motion, the Court must construe the complaint in the plaintiff's favor and grant her the benefit of all reasonable inferences. *See Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012). But the Court need not accept inferences that are not supported by the facts alleged, nor must the Court accept legal conclusions cast as factual allegations. *See id.* In considering a Rule 12(b)(6) motion, the Court may also

---

[1] Officer Chen has yet to answer or otherwise responded to the complaint.

consider the facts alleged in the complaint, any documents attached to or referenced in the complaint, and judicially noticeable matters. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Roggio v. FDIC*, No. 09-cv-1733 (TJK), 2020 WL 6270746, at *2 (D.D.C. Oct. 25, 2020).

Ordinarily, the Court may grant a Rule 12(b)(6) motion based on an affirmative defense only if: (1) facts that establish the defense are "definitively ascertainable" from the complaint's allegations, from any incorporated documents, or from judicially noticeable material; (2) those facts "conclusively establish" the defense; and (3) the affirmative defense completely bars the claim. *See* 61A *Am. Jur. 2d Pleading* § 480, Westlaw (updated Aug. 2022); 27A *Fed. Proc., L. Ed.* § 62:465, nn.15–17 & accompanying text, Westlaw (updated Sept. 2022); *ZilYen, Inc. v. Rubber Mfrs. Ass'n*, 935 F. Supp. 2d 211, 216–17 (D.D.C. 2013); *see also Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998).

**III.    Analysis**

The District of Columbia argues that Plaintiffs' trespass claim against it is barred because they failed to comply with the notice requirement of D.C. Code § 12-309(a), an affirmative defense. *See Jaiyeola v. District of Columbia*, 40 A.3d 356, 361 (D.C. 2012); *Haymon v. District of Columbia*, --- F. Supp. 3d ----, 2022 WL 2304047, at *14 (D.D.C. June 27, 2022). The Court disagrees. As explained below, Plaintiffs properly gave notice to the Mayor of the District of Columbia in March 2022, and that notice was timely because Section 12-309(a)'s six-month timeline had been suspended.

Under Section 12-309(a), "an action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained," the claimant or her agent "has given notice in writing to the Mayor of the

3

District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage." D.C. Code § 12-309(a).[2] The statute does not specifically describe the process for submitting "notice in writing to the Mayor." *See id.* But the Mayor has ordered that her "duty to receive notice under D.C. Official Code § 12-309 is delegated to the Office of Risk Management." *See* Mayor's Order 2004-10, 51 D.C. Reg. 1,455 (Feb. 6, 2004). And since then, the Office of Risk Management has indeed become a central office for handling Section 12-309 notices.[3] In addition, the statute also provides that a "report in writing by the Metropolitan Police Department," made "in regular course of duty," can constitute "sufficient notice" if certain conditions are met. *See id.*

In their complaint, Plaintiffs allege that they complied with Section 12-309 when they sent notice of their claims via certified mail to the Mayor's Correspondence Unit in March 2022, *see* ECF No. 1-1 ¶¶ 4–5; ECF No. 9-2 at 1–2.[4] Plaintiffs' letter is dated March 2, 2022, addressed "Dear Mayor Bowser," and has as its subject line, "Charles Turpin and Regina Jackson D.C. Code § 12-309 Notice." ECF No. 9-2 at 1. The letter is addressed to "Mayor Muriel Bowser, Mayor's Correspondence Unit, John Wilson Building, 1350 Pennsylvania Avenue, N.W., Washington, D.C. 20001." *Id*. Plaintiffs also offer proof that the Mayor's Correspondence Unit received the

---

[2] Plaintiffs allege that their trespass-based "injury or damage was sustained" in September 2020. *See* ECF No. 1-1 ¶¶ 15, 27, 40, 47, 53. And they seek "unliquidated damages." *See id.* ¶ 56; *Beeton v. District of Columbia*, 779 A.2d 918, 925 (D.C. 2001); *Bowie v. Gonzales*, 433 F. Supp. 2d 24, 28 & n.4 (D.D.C. 2006). Thus, the parties agree, to pursue their trespass claim against the District of Columbia, Plaintiffs had to give timely notice under Section 12-309(a).

[3] *See Tort Liability Claims*, Off. of Risk Mgmt., https://orm.dc.gov/service/tort-liability-claims (last visited Oct. 26, 2022).

[4] Because the Court ultimately agrees with Plaintiffs, it need not address their other argument that Officer Chen's report prepared shortly after the incident also satisfied Section 12-309(a)'s notice requirement. *See* ECF No. 1-1 ¶¶ 6–8; ECF No. 9 at 6–8.

letter on March 7, 2022, in the form of the United States Postal Service tracking information and a certified mail receipt. *See* ECF No. 9-3. The District of Columbia does not contest any of these facts or otherwise suggest that the Mayor's Correspondence Unit did not receive this notice.

The first of the two disagreements between the parties is whether Plaintiffs' notice to the Mayor's Correspondence Unit sufficed under Section 12-309. The Court finds that it did, even though it was not directed to the Office of Risk Management, as contemplated by Mayor's Order 2004-10. The Court is hard pressed to conclude that written notice to the Mayor's Correspondence Unit, listed on the Government of the District of Columbia's website as part of the Executive Office of the Mayor, Office of Communications,[5] does not count as notice "to the Mayor." D.C. Code § 12-309(a). Reinforcing this conclusion, months after Mayor's Order 2004-10, the Mayor issued another order, implicitly acknowledging that Section 12-309 notices might still be sent to the Mayor's Correspondence Unit, and instructing that the "Mayor's Correspondence Unit . . . shall forward all [such] notices of claims to the [Office of Risk Management] for further handling." *See* Mayor's Order 2004-77, 51 D.C. Reg. 5,280 (May 14, 2004). Indeed, the District of Columbia's own declarant here even explained that the Office of Risk Management "receives notices of claims, *either from the Mayor's office* or directly." ECF No. 6-3 at 3 (emphasis added). And consistent with all the above, several courts have suggested Section 12-309 notices sent to the Mayor's Correspondence Unit could be adequate under the statute even if they ultimately determined those notices were untimely. *See Barnhardt v. District of Columbia*, 601 F. Supp. 2d 324, 330 (D.D.C. 2009); *DeKine v. District of Columbia*, 422 A.2d 981, 983–85 (D.C. 1980). For all

---

[5] *See Executive Branch*, Gov't of D.C., https://mayor.dc.gov/page/mayor-executive-branch (last visited October 26, 2022). "Courts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies." *Pharm. Rsch. & Manufacturers of Am. v. U.S. Dep't of Health & Hum. Servs.*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014).

5

these reasons, the Court finds that Plaintiffs' notice to the Mayor's Correspondence Unit satisfied the statute.

The District of Columbia argues that notice can be effectuated *only* on the District's Office of Risk Management under Mayor's Order 2004-10, not through the Mayor's Correspondence Unit. *See* ECF No. 6-1 at 3. But just because the Mayor has delegated the duty to receive Section 12-309 notices to the Office of Risk Management does not mean that a plaintiff cannot avail herself of this other official channel of communicating with the Mayor to satisfy the statute. After all, the statute only "clearly demands notice to *the Mayor*." *Cornish v. District Columbia*, 67 F. Supp. 3d 345, 371 (D.D.C. 2014) (emphasis added). Plaintiffs gave such notice.

The second point on which the parties disagree is whether Plaintiffs' notice was timely. Typically, under Section 12-309(a), Plaintiffs would have had six months from when the alleged "injury or damage was sustained" to give notice to the Mayor. D.C. Code § 12-309(a). But under D.C. Code § 11-947(a), upon a natural disaster or other emergency, the Chief Judge of the Superior Court "may exercise emergency authority," including entering orders "to delay, toll, or otherwise grant relief from the time deadlines imposed by otherwise applicable laws . . . for any class of cases pending or thereafter filed in the Superior Court." This power extends to "all laws and rules affecting . . . civil . . . proceedings." D.C. Code. § 11-947(a)(2)(B). And under this authority, the Chief Judge has issued several tolling orders since March 2020 to "suspend[], toll[], and extend[] . . . all statutory and rules-based time limits in the D.C. Code" because of the COVID-19

pandemic.[6]  The last such order "suspended, tolled, and extended" all "statutory and rules-based time limits in the D.C. Code" through June 10, 2022.[7]

Plaintiffs argue that these orders extended the statutory six-month time limit in Section 12-309 to make their notice timely.  Again, the Court agrees.  Plaintiffs allegedly sustained their injury on September 18, 2020—after the Chief Judge had already suspended all D.C. Code deadlines by emergency orders beginning in March 2020.  Accordingly, their six-month clock only began to run once those orders expired on June 10, 2022.  And because they sent notice to the Mayor's Correspondence Unit on March 3, 2022, they did so months before their clock even *began*, making their notice to the Mayor timely.

The District of Columbia argues this authority does not extend to Section 12-309(a) because that statute is not subject to "equitable tolling."  *See* ECF No. 6-1 at 3–4 (citing *Doe ex rel. Fein v. District of Columbia*, 697 A.2d 23, 29 (D.C. 1997)); ECF No. 10 at 1–3.  But the tolling here is not "equitable tolling," but statutory tolling effected by the Chief Judge of the Superior Court under an express grant of authority.  *See Ray v. Clements*, 700 F.3d 993, 1007 (7th Cir. 2012) (explaining that a key difference between equitable tolling and statutory tolling is that the former involves "an appeal to equity" rather than being "a matter of statutory interpretation").

In addition, there is no other basis to exclude Section 12-309(a) from "all" the "laws and rules affecting . . . civil . . . proceedings" covered by the Chief Judge's emergency authority.  *See Life Techs. Corp. v. Promega Corp.*, 580 U.S. 140, 137 S. Ct. 734, 740 (2017) ("'All' means the

---

[6] *See* Super. Ct. of D.C., Order (March 19, 2020), https://www.dccourts.gov/sites/default/files/Order-Attachment-PDFs/Order-3-19-20.pdf.

[7] *See* Super. Ct. of D.C., Order (July 29, 2022), https://www.dccourts.gov/sites/default/files/2022-07/Amended_Order_of_Chief_Judge_7-29-2022.pdf.

entire quantity[.]"). The "plain and ordinary meaning of . . . 'all' . . . permit[s] no *sub silentio* exemption" of Section 12-309(a) "from the across-the-board purview of § 11-947." *See Sharps v. United States*, 246 A.3d 1141, 1149 (D.C. 2021) (holding as much about a pretrial-detention statute). This is all the more so when "Congress demonstrably considered the question of exemptions and chose to make one and only one, which is set forth in the explicit clarification in § 11-947(a)(4) that the statute furnishes no authority to suspend the writ of habeas corpus." *Id*.

### IV.     Conclusion and Order

For all these reasons, Plaintiffs provided timely notice of their claim under Section 12-309. Thus, it is hereby **ORDERED** that the District of Columbia's Motion to Dismiss, ECF No. 6, is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: October 26, 2022